## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Marcus L. White, having been duly sworn, depose and state:

1.  I am a Special Agent with the Drug Enforcement Administration (DEA) and have been since January of 2024. I am currently assigned to the DEA Louisville Division Office (LDO). In connection with official DEA duties, I investigate criminal violations of state and federal narcotics laws that include, but are not limited to, violations of Title 21 of United States Code, Sections 841, 843, 846 and 848. I have received specialized training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. I have been personally involved in investigations concerning the possession, distribution, and importation of controlled substances, as well as investigations concerning the methods utilized to finance transactions, launder and transport drug proceeds, and conceal assets purchased with illegal proceeds. I have also been involved in various types of electronic surveillance, the debriefing of defendants, witnesses, informants, and others who have knowledge of the distribution and transportation of both controlled substances and of the laundering and concealing of proceeds from drug trafficking. From 2018 to 2024, I was employed by the Spartanburg County Sheriff's Office in Spartanburg, South Carolina where I both conducted and assisted in dozens, if not hundreds, of criminal investigations of alleged violators of South Carolina law including those involved in drug trafficking organizations and street gangs.

2.  Additionally, your affiant is familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and

1

distributing controlled substances, their use of telephones and digital display paging devices, and their use of numerical codes and code words to conduct their transactions. Affiant is familiar with, and has participated in, all the normal methods of investigation, including, but not limited to, visual surveillance, the general questioning of witnesses, and the use of informants.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. This affidavit is submitted in support of a criminal complaint and arrest warrant of Darrell MALONE, DOB 02/04/1989. The facts and circumstances outlined in this affidavit are indicative of probable cause to believe that MALONE, on or about May 7, 2026, possessed with intent to distribute fentanyl in violation of Title 21, United States Code 841.

5. Furthermore, the facts and circumstances outlined in this affidavit are indicative of probable cause to believe that MALONE, on or about May 7, 2026, possessed a firearm with a prior conviction of a felony in violation of 18 U.S.C. § 922(g), and knowingly and intentionally possessed a firearm in the furtherance of a drug offense in violation of 18 U.S.C. § 924(c).

## Background of Investigation

6. In April of 2026, the DEA Louisville Division Office (LDO) began investigating the Drug Trafficking Organization (DTO) operated by Darrell MALONE. MALONE has been identified as multi-kilogram quantity fentanyl drug trafficker operating in

2

Louisville, KY.

7. Through queries of law enforcement databases and multiple surveillance operations, members of the LDO identified Darrell MALONE's primary residence, and holding location of MALONE's narcotics as 4513 Garland Ave. Louisville, KY, 40211.

8. MALONE's NCIC criminal history includes an arrest in 2017 for Dangerous Drugs. According to Court records, on or about September 16, 2020, MALONE was convicted in the United States District Court for the Western District of Kentucky with one count of Conspiracy to Distribute Controlled Substances in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A) in Criminal Action number 3:17-CR-00006-RGJ. MALONE was sentenced to 78 months imprisonment, followed by a 5-year term of supervised release. On or about February 7, 2022, MALONE's period of supervised release commenced, and he remains on supervised release as of the date of this criminal complaint. MALONE is therefore a convicted felony and prohibited from possessing firearms.

9. Based on the investigation into the MALONE drug-trafficking organization gathered by members of the DEA Louisville Division Office, Special Agent Reilly Teal, on May 7, 2026, drafted and applied for a United States District Court search warrant that was subsequently granted on the same date by the Honorable Magistrate Judge Colin H. Lindsay in the Western District of Kentucky for MALONE's residence located at 4513 Garland Ave. Louisville, KY, 40211.

10. At approximately 2:30 pm on May 7, 2026, SA Marcus White and SA Jonathon Dear located Darrell MALONE exiting his vehicle after he parked on W Market St near the intersection of S Fifth St in Louisville, KY. SA White and SA Dear approached

MALONE and placed him into investigative detention. Upon a consensual search of MALONE's person, SA White, as witnessed by SA Dear, located an amount of U.S. Currency in MALONE's pants pocket in addition to a cell phone and multiple identity documents listed to Darrell MALONE. Members of the LDO requested consent to search MALONE's vehicle, a Black Jeep Wrangler (KY -W2K912) and MALONE consented. A search of the vehicle resulted in the location of two more cell phones and one package of Kandy's Cannabis Flower. MALONE declined any further communication. No attempts at questioning were made. Members of the LDO requested to transport MALONE back to 4513 Garland Ave and he consented.

11. At approximately 5:00 pm on the same date, members of the LDO executed a search warrant at MALONE's residence utilizing a key that MALONE provided.

12. Upon a search of the residence, members of the DEA LDO seized the following:

   a. Smith & Wesson SD9VE 9mm Pistol & loaded magazine (SN: FDN3167).

   b. Glock 22 9mm Pistol & loaded magazine (SN: FPH044)

   c. Springfield XD 9mm Pistol (SN: GM913100) – STOLEN IN NCIC

   d. (4) rectangular packages of suspected fentanyl in the form of white powder

   e. (1) plastic bag containing suspected fentanyl in the form of white powder

   f. (1) plastic bag containing a broken block of off-white powder substance

   g. (1) rectangular baggie of multi-colored tablets of suspected methylenedioxymethamphetamine (MDMA)

4

h.  (1) vacuum-style bag containing multiple baggies of suspected fentanyl in the form of white and purple powder substances

i.  (1) metallic bag containing suspected fentanyl in the form of white powder

j.  (1) plastic baggie containing (3) fired 9mm shell casings

k.  (3) multi-colored sealed bags of marijuana

l.  (1) hydraulic press with white powder residue on the plates and rails

m.  Unknown amount of US Currency

13. Items a, b, d - i, and m were located in the basement of 4513 Garland Ave hidden behind insulation panels. Item c was located in the master bedroom on the bed. Item l was located in the basement in a storage closet. Items j and k were located on the kitchen table.

14. Based on your affiant's training and experience, I am aware that Glock firearms are manufactured outside the Commonwealth of Kentucky.  Therefore, the Glock pistol travelled in interstate commerce prior to being possessed by MALONE.

15. In addition to the seized contraband, photographs were taken of large amounts of empty, designer-branded marijuana bags, cutting agents, food dyes, and multiple receipts for international money orders that were located inside 4513 Garland Ave. Several of the money order receipts listed Darrell MALONE's name.

16. Additionally, inside the residence, members of the DEA located multiple pieces of mail in the form of utility bills and tax documents that listed Darrell MALONE.

17. All listed contraband was seized by the DEA LDO, transported to the LDO building, and submitted as evidence exhibits. Upon the concurrence of AUSA Frank Dahl, Darrell MALONE was placed under arrest and transported to the DEA LDO for further processing.

18. Field tests were conducted of several the seized drug exhibits, with inconclusive results based on the presence of cutting agents such as mannitol. The narcotics will be sent to the DEA Mid-Atlantic Laboratory for further analysis. In your affiant's training and experience, drug traffickers will frequently use cutting agents such as mannitol in order to increase the quantity of the narcotics and therefore increase profit upon distribution. Based on the progress of this investigation, and the visual similarities of the seized narcotics to fentanyl, it is your affiant's belief that the narcotics seized from Darrell MALONE's residence contain fentanyl, and there is a high probability that subsequent testing conducted at the DEA Mid-Atlantic Laboratory will provide a complete breakdown of the content of the narcotics to include fentanyl and cutting agents.

## Summary

19. Based upon the above information, with the evidence seized, and based on my training and experience, the affiant believes that Darrell MALONE knowingly and intentionally possessed with intent to distribute fentanyl in violation of 21 U.S.C. § 841, and that Darrell MALONE knowingly and intentionally possessed a firearm with a prior conviction of a felony in violation of 18 U.S.C. § 922(g), and knowingly and

intentionally possessed a firearm in the furtherance of a drug offense in violation of 18

U.S.C. § 924(c).


*/s/ Marcus L. White*
Marcus L. White, Special Agent
U.S. Drug Enforcement Administration


Subscribed and sworn to me via telephone this 7th day of May, 2026

_____

Colin H. Lindsay

United States Magistrate Judge